Douglas GAJDA, Plaintiff–Appellant,

v.

MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Defendant–Appellee.

Docket No. 04–0608–CV.

United States Court of Appeals, Second Circuit.

Argued: Jan. 11, 2005.

Decided: Jan. 21, 2005.

Christopher K. Hu, (John T. Moehringer, Peter C. Welch, Eric L. Lane, of counsel) Morgan & Finnegan, LLP, New York, NY, for Plaintiff–Appellant.

Richard Schoolman, Office of the General Counsel, New York City Transit Authority, Brooklyn, NY, for Defendant–Appellee.

Before: KEARSE, CABRANES, and SACK, Circuit Judges.

PER CURIAM.

Plaintiff, Douglas Gajda, appeals from a final judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*), granting defendant's motion for summary judgment. The facts are fully set forth in the District Court opinion, *Gajda v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 03 Civ. 1642(JSR), 2003 WL 22939123, 2003 U.S. Dist. LEXIS 22338 (S.D.N.Y. Dec.12, 2003), and will not be discussed here in detail.

Plaintiff, a bus driver for defendant, claims that the District Court erred in finding that it was "consistent with business necessity" under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(d)(4), for defendant to require plaintiff to disclose the results of his HIV-related laboratory tests. The ADA provides that "[a] covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." *Id.* As defendant is unquestionably a covered entity, and unquestionably made inquiries of an employee as to the nature or severity of a disability, the only question before us is whether the inquiry was job-related and consistent with business necessity.

We have held that "[t]he case law on inquiries directed towards individual employees ... demonstrates that courts will readily find a business necessity if an employer can demonstrate that a medical examination or inquiry is necessary to determine ... whether the employee can perform job-related duties when the employer can identify legitimate, non-discriminatory reasons to doubt the employee's capacity to perform his or her duties ...." *Conroy v. New York State Dept. of Corr. Servs.*, 333 F.3d 88, 98 (2d Cir.2003). We further noted in *Conroy* that "[t]he employer must also show that the exami-

nation or inquiry genuinely serves the asserted business necessity and that the request is no broader or more intrusive than necessary. The employer need not show that the examination or inquiry is the only way of achieving a business necessity, but the examination or inquiry must be a reasonably effective method of achieving the employer's goal." *Id.*

Here, the representations by plaintiff, signed by his doctor, on an application for intermittent leave under the Family and Medical Leave Act that "[m]y own serious health condition renders me unable to perform the functions of my position," that his condition left him "unable to perform work of any kind," and that "[patient] will need intermittent leave at undetermined times for lifetime," demonstrates that the employer had "legitimate, non-discriminatory reasons to doubt the employee's capacity to perform his ... duties." *Conroy,* 333 F.3d at 98. Furthermore, requesting existing laboratory data is surely "a reasonably effective method of achieving the employer's goal" of determining whether plaintiff could safely perform those duties. *Id.* We thus reject plaintiff's claim that the inquiry violated the ADA.

We have considered all of plaintiff's claims on appeal and found them to be without merit. We hereby AFFIRM the judgment of the District Court.